UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JASON COCKRELL                                                                            PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:06CV521 DPJ-JCS

PEERLESS CHAIN COMPANY d/b/a
WEISSENFELS, USA, INC. and
PEWAG AUSTRIA GmbH                                           DEFENDANTS

ORDER

This products liability action is before the Court on motion of Defendant Peerless Chain Company d/b/a Weissenfels, USA, Inc. ("Weissenfels") for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has responded in opposition. The Court, having considered the memoranda and submissions of the parties, finds that Defendant's motion should be denied.

I.     **Facts and Procedural History**

On May 11, 2005, Plaintiff Jason Cockrell was injured while unloading telephone poles from a truck for his employer. Plaintiff was using a crane, cable and sling hook to move the poles, when the safety latch on the sling hook allegedly failed, causing the pole to strike Plaintiff in the head and legs. Plaintiff maintains that the sling hook, sold in 2000 by Weissenfels, was defective. Specifically, he avers that the latch was made of a thinner, weaker metal than the rest of the hook, and as a result, the latch is easily damaged or bent, causing the latch to fail to retain the cable within the hook. Plaintiff filed this suit in 2006 against several defendants he claims manufactured, sold and distributed the hook, including Peerless Chain Company, which purchased Weissenfels, U.S.A., Inc. in 2004.

1

Defendant Weissenfels has now filed the instant motion for summary judgment, contending that Plaintiff's claims against it should be dismissed because it is an innocent seller under Mississippi Code Section 11-1-63(h).  Plaintiff, on the other hand, asserts that Defendant is not immune from liability under that provision.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a

2

genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

B.   Innocent Seller

Weissenfels contends that it is immune from Plaintiff's claims because it is an "innocent seller" under Mississippi Code Section 11-1-63(h).[1] That section prohibits recovery against the seller of a defective product

> unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the *seller had actual or constructive knowledge of the defective condition* of the product at the time he supplied the product.

Miss. Code Ann. § 11-1-63(h) (Supp. 2008) (emphasis added). The legislature intended for this section to "immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." *Id.* Here, there is no allegation that Weissenfels altered or modified the product. Instead, the parties focus their attention on whether Weissenfels 1) "exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of

---

[1] In its motion, Weissenfels initially argued that it could not have sold the subject sling hook because the hook was yellow in color and it only sold red ½ inch sling hooks. Plaintiff, however, presented evidence that once the yellow paint is scraped away, the sling hook is red in color. Weissenfels correctly withdrew this argument in rebuttal.

3

the product that caused the harm for which recovery of damages is sought" or 2) "had actual or constructive knowledge of the defective condition of the product at the time [it] supplied the product." *Id.*²

    1.    *Substantial Control*

Plaintiff initially attacks Defendant's status as an innocent seller by contending that it exerted substantial control over the design, manufacturing, packaging and labeling of the sling hook. This argument is unavailing. The statute provides that a seller is liable if it exercises "substantial control over that aspect of the design, testing, manufacture, packaging or labeling" that caused the plaintiff's harm. *Id.* Here, Plaintiff points out that Weissenfels requested that the manufacturer put its stock number on the package and paint the hooks red. Plaintiff further argues that Defendant accepted test certificates with the hooks, describing quality control procedures and tests that were run by the manufacturer. Finally, Plaintiff submits that Weissenfels directed the manufacturer to meet general federal standards, such as ASTM guidelines, in its production of sling hooks. Assuming all of this is true, Plaintiff has failed to demonstrate substantial control or that the steps Weissenfels took were causally related to the alleged defect in the hook. Accordingly, Plaintiff cannot invoke this exception to the innocent seller statute. *Id.*

    2.    *Actual or Constructive Knowledge*

Plaintiff claims that the latch on the subject hook is easily damaged or bent, causing the

---

² Plaintiff advances arguments relating to Peerless Chain Company's status (or lack thereof) as an innocent seller, but it appears to the Court that the issue is Weissenfels USA's involvement with the sling hook, since the hook was sold in 2000 and Weissenfels USA was not purchased by Peerless Chain Company until 2004.

latch to fail to retain the cable within the hook. Plaintiff asserts that Defendant possessed actual or constructive knowledge of this defect. He supports this contention with various record evidence, the most compelling of which is the deposition testimony of Steve Lister, president of Weissenfels USA:

> Q. . . . In your 35 years of experience with sling hooks, have you been aware of failure problems or breakage problems with the little safety latch on the clevis sling hook?
> A. Well, I'm aware of the fact that the hooks that we have sold with latches have from time to time had the latch dislodged or deformed or broken off or whatever word you want to use. And one of the reasons I'm aware of it is that people who buy a hook with a latch come to use from time to time for replacement latches.
> . . .
> Q. . . . [W]hat was the purpose of the individual safety latch being sold as a separate piece itself?
> A. Well, the most common reason is that from time to time a hook that had a latch on it, that latch may be damaged, and we kept latches to replace any damaged latch; and/or a customer may have bought a hook without a latch and then determined that he wanted to buy a latch and put it on. Those are the two main reasons.

Lister Depo. at 136-37.[3]

Naturally, Defendant insists that it did not consider the latch mechanism defective and the fact that it offered replacement latches does not indicate actual or constructive knowledge that the latch was defective. Nevertheless, Lister testified that he knew that replacement latches were being purchased to replace damaged or deformed latches, and the statute at issue provides immunity for the seller unless "the seller had actual *or constructive knowledge* of the defective condition of the product at the time he supplied the product." *Id.* (emphasis added). Drawing all reasonable inferences in Plaintiff's favor, as is required, the Court finds that this testimony,

---

[3] Again, Plaintiff sued Peerless Chain Company d/b/a Weissenfels USA. Lister served as the Rule 30 (b)(6) designee for Weissenfels USA.

5

coupled with other record evidence, creates a genuine issues of fact as to whether Defendant knew or should have known of the alleged defective condition at the time it sold the subject hook. As such, summary judgment as to Plaintiff's claims based on Mississippi Code Section 11-1-63(h) is inappropriate.

**III.    Conclusion**

Based on the foregoing, the Court finds that Defendant's motion for summary judgment should be denied.

**SO ORDERED AND ADJUDGED** this the 21th day of July, 2009.

                             s/ *Daniel P. Jordan III*
                             UNITED STATES DISTRICT JUDGE